UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )   2:15-cv-00284-DBH |
| | ) |
| UNITED STATES PRESIDENT, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION

Petitioner John Robert Demos, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Petition, ECF No. 1.) He alleges that he is in custody in the Washington State Penitentiary, and that he is serving a sentence imposed as part of a 1978 judgment in King County Superior Court in the State of Washington. (*Id.* at 1.) As explained below, because Petitioner's claim is frivolous and because neither Petitioner, nor the substance of his claim, has any connection to the District of Maine, I recommend that the Court dismiss the petition without requiring Respondent to file an answer.

Given that Petitioner is incarcerated in the State of Washington, and given that he seeks to challenge a conviction and judgment entered in a Washington state court, Petitioner has alleged no facts that would support venue in the District of Maine.[1] Where an action is filed in an improper

---

[1] Title 28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

venue, title 28 U.S.C. § 2241(d) provides that the federal district court for the district in which the petition is filed may transfer the application "in furtherance of justice" to the district court for the district in which the petitioner is in custody, or to the district court for the district in which the petitioner was convicted and sentenced.

In this case, however, a transfer of the action would not promote the interests of justice. Petitioner has a long, documented history of filing habeas actions and other civil actions that apparently lack merit. Because of that history, in both the Eastern and Western Districts of Washington, Petitioner is prohibited from filing any habeas action that is in substance a 28 U.S.C. § 2254 action without first paying the filing fee. *Demos v. Stanley*, No. 2:97-mc-00031-JLW (W.D. Wash. Mar. 13, 1997) (noting that "[i]n the future, any petition seeking an extraordinary [writ], pursuant to 28 U.S.C. [§§] 1651, 2253, or 2254 directed at the [United States District Courts] for the Eastern [and] Western Districts of [Washington] will be returned to Mr. Demos [without] filing, unless the petition is accompanied by the requisite filing fee.")[2]

Perhaps because of the limitations placed on his ability to file in Washington, Petitioner has attempted to file actions in other districts. For instance, the Western District of Washington recently reviewed a section 2241 petition that Petitioner originally filed in the district court for the District of Columbia, which had transferred the action to the Eastern District of Washington, which in turn transferred it to the Western District of Washington. *Demos v. State of Washington*, No. 2:15-cv-00944-RSM (W.D. Wash. June 22, 2015) (report and recommendation) (order adopting report and recommendation, July 17, 2015). The Western District of Washington noted that (1)

---

[2] The Eastern District of Washington has recently noted, in an action that had been transferred from the Southern District of West Virginia, that since 1991, the Eastern District of Washington had prohibited Petitioner from initiating any civil actions in that district. *Demos v. State of Washington,* No. 2:14-cv-00368-JLQ (E.D. Wash. Nov. 19, 2014) (order closing file).

2

the petition at issue was in substance a 28 U.S.C. § 2254 petition; (2) Petitioner was prohibited from filing a section 2254 petition without first paying a filing fee; and (3) Petitioner had not paid the filing fee. *Id.* The Western District of Washington, therefore, closed the action by administrative order. *Id.*

While the Court could transfer this matter to Washington, given Petitioner's history, to transfer this action to Washington would permit Petitioner to circumvent the standing orders in the Eastern and Western Districts of Washington, and only encourage Petitioner to file similar additional actions in this District and other districts throughout the country.

In addition to the administrative basis for dismissal, Petitioner's claim should be dismissed on its merits. Although designated as an action under section 2241, Petitioner's claim challenges a state court sentence and is thus in substance a section 2254 petition. Petitioner essentially contends that the conviction and sentence violate the constitution because in 1861, President Lincoln declared martial law and suspended the constitution. The claim is on its face frivolous and does not merit further discussion.

Finally, a review of the petition reveals that the petition filed in this Court is not the first habeas action that Petitioner has filed challenging the same state court judgment. (Petition, ECF No. 1 at 3-5.) He specifically represents that in 1980 he filed a "third appeal" in the United States District Court in Seattle, Washington, and that in 1994, he filed a habeas action in the United States District Court in Washington, D.C., and he sought permission to file a second or successive petition in the Ninth Circuit. (*Id*.) He was denied on his request for relief in the District Courts and in the Ninth Circuit. (*Id*.) Because the petition constitutes a second or successive request for relief, which petition is not authorized,[3] this Court is without jurisdiction to consider the petition.

---

[3] See 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss the petition. To the extent that Petitioner's petition is governed by 28 U.S.C. § 2254, the recommendation is that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[4]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2015.

---

[4] The First Circuit has held that when a habeas petition is governed by 28 U.S.C.§ 2241, a certificate of appealability is "not directly applicable." *United States v. Barrett*, 178 F.3d 34, 42 (1st Cir. 1999).